| | |
|---|---|
| 1 | CASPER J. RANKIN (CA SBN 249196) |
| 2 | ERIN L. LANEY (CA SBN 259863) |
|   | PITE DUNCAN, LLP |
| 3 | 4375 Jutland Drive, Suite 200 |
|   | P.O. Box 17933 |
| 4 | San Diego, CA 92177-0933 |
|   | Telephone: (858) 750-7600 |
| 5 | Facsimile: (619) 590-1385 |

Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| In re | Case No. 10-72883 |
|---|---|
| LILIAN GRACE PICKETT ABRENICA, | Chapter 13 |
| Debtor. | **STIPULATION RE: AVOIDANCE OF LIEN** |

This Stipulation is entered into by and between LILIAN GRACE PICKETT ABRENICA (hereinafter referred to as "Debtor"), by and through her attorney of record, Corrine Bielejeski; and JPMorgan Chase Bank, National Association (hereinafter referred to as "Creditor"), by and through its attorney of record Pite Duncan, LLP.

## **RECITALS**

A.  Debtor is the maker of a Note in favor of SCME Mortgage Bankers, Inc. (hereinafter "Lender") Creditor dated September 14, 2006, in the original principal amount of $70,000.00 ("Note"), which is secured by a Second Deed of Trust encumbering the real property at 4797 Fair Avenue, Oakland, California 94619 (the "Subject Property"). The Subject Property is more fully described in the Deed of Trust attached hereto as exhibit "A", which is incorporated herein by this reference. The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B.  Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust

evidencing the Assignment of the Deed of Trust to Creditor is attached hereto as exhibit B and incorporated herein by reference.

    C.    On November 8, 2010, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, and was assigned Case No. 10-72883.

**FOR PURPOSES OF THE DEBTOR'S CHAPTER 13 PLAN ONLY, THE PARTIES HEREBY STIPULATE AND AGREE TO AN ORDER AS FOLLOWS:**

1. Creditor's claim shall be allowed as a non-priority general unsecured claim in the amount of $71,878.35. Creditor shall file an amended Proof of Claim listing its claim as unsecured to be paid in accordance with the Debtor's Plan;

2. The avoidance of Creditor's Second Deed of Trust is contingent upon the Debtor's completion of her Chapter 13 plan and the Debtor's receipt of a Chapter 13 discharge;

3. Upon receipt of the Debtor's Chapter 13 discharge and completion of her Chapter 13 Plan, this Stipulation and the Order to follow may be recorded by the Debtor with the Alameda County Recorder's Office;

4. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's Second Deed of Trust prior to the Debtor's completion of her Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

////
////
////
////
////

6. Each party shall bear their own attorneys' fees and costs incurred in the present stipulation in bankruptcy case number 10-72883.

IT IS SO STIPULATED:

Dated: 1/27/11        By: _____
                         CORRINE BIELEJESKI
                         Attorney for Debtor


PITE DUNCAN, LLP


Dated: 1/28/11        By: /s/ Erin L. Laney
                         ERIN L. LANEY
                         Attorney for Creditor